```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

JACK O'NEAL                                    CIVIL ACTION

VERSUS                                         NO: 06-0883

ROADWAY EXPRESS, INC.                          SECTION: R(2)
```

## ORDER AND REASONS

Defendant Roadway Express, Inc. ("Roadway") moves for partial judgment on the pleadings under Fed. R. Civ. P. 12(c) against Plaintiff Jack O'Neal ("O'Neal"). For the following reasons, the Court GRANTS the motion in part and DENIES the motion in part.

**I.  Background**

On May 3, 2004, plaintiff Jack O'Neal filed suit against defendant Roadway Express, Inc. in the United State District Court for the Eastern District of Louisiana. O'Neal's Complaint and Amended Complaint asserted claims under various listed federal statutes and invoked the District Court's supplemental

jurisdiction over claims under Louisiana law.  Although O'Neal did not specify the nature of those state law claims, the facts set forth in his Complaint and Amended Complaint indicate that his claims centered around alleged race discrimination by his employer, Roadway.  O'Neal filed his initial Complaint on May 3, 2004, and his Amended Complaint on June 9, 2004.

On December 15, 2004, at a hearing on a defense motion for partial judgment on the pleadings, O'Neal voluntarily dismissed his state law claims in response to confusion over the statutory basis for those claims.  Hearing no objection from the Roadway, Magistrate Judge Joseph C. Wilkinson, Jr. entered a dismissal of those state claims without prejudice under Fed. R. Civ. P. 41(a)(2) and denied Roadway's motion for partial judgment on the pleadings.  On May 19, 2005, Magistrate Wilkinson granted summary judgment to Roadway on both procedural and substantive grounds and dismissed all of O'Neal's federal claims with prejudice. O'Neal's appeal from that judgment is currently before the United States Court of Appeals for the Fifth Circuit.

On January 9, 2006, O'Neal sued Roadway in Civil District Court for Orleans Parish, Louisiana.  His Petition read, in part:

   3.   In 1991, Mr. O'Neal was hired by defendant Roadway as a truck driver.

   4.   After being hired, Mr. O'Neal became aware of certain racially discriminatory practices at

        Roadway.  Those practices included, but were not limited to: job assignments based on race; separation of employees by race; abusive treatment of African-American employees; disparate treatment of African-American employees in regard to the use of the office telephone and in regards to other terms and conditions of employment.

5.  In April 1996, Mr. O'Neal's son was a victim of a gunshot.

6.  Mr. O'Neal's family called Mr. O'Neal at the Roadway office to inform him of the tragedy.

7.  Although Mr. O'Neal was accessible and able to receive the telephone calls, Roadway, in accordance with its discriminatory policy, did not inform Mr. O'Neal of the calls from his family until later in the day.

8.  Mr. O'Neal complained about the discrimination.

9.  After Mr. O'Neal's complaints, Roadway began to retaliate against him.

10. Roadway's retaliation took the form of numerous unwarranted warning letters, unfavorable job assignments, violations of Mr. O'Neal's seniority and calling in casuals for work before calling in Mr. O'Neal.

11. In October, 1997, Mr. O'Neal filed a complaint with his union alleging discrimination by defendant Roadway.

12. In November 1997, Mr. O'Neal was discharged by Roadway in retaliation for the discrimination complaint he filed in October 1997.

13. The November 1997 discharged [sic] was rescinded.

14. Roadway wrongfully discharged Mr. O'Neal in October 1998.

15. That October 1998 wrongful discharge was rescinded.

16. The discrimination, harassment and retaliation continued in the forms of repeated unjustified discharges which were rescinded, unjustified warning letters, job assignments based on race and violations of Mr. O'Neal's seniority rights.

17. Defendants subjected Mr. O'Neal to continuous acts of retaliation, harassment, disparate treatment and discrimination that included, but were not limited to: an April 26, 2004, incident wherein Mr. O'Neal was forced to work in the rain even though the task was supposed to have been assigned to a co-worker – the task was not assigned to the co-worker because the co-worker was white; Mr. O'Neal being issued a warning letter in January 2004 for taking off work when he became ill – white co-workers were not given letters in similar situations, and[] numerous unwarranted disciplinary warning letters from September 2004 to January 2005.

18. Mr. O'Neal filed grievances with his Union relating to Defendant's continued acts of discrimination and retaliation.

19. On January 10, 2005, Defendant wrongfully terminated Mr. O'Neal in retaliation for Mr. O'Neal's filing of Union grievances and other acts undertaken in opposition to the continuous discrimination he experienced through, and including, January 10, 2005.

(*See* State Ct. Pet. ¶¶ 3-19) (internal formatting altered). These allegations were very similar to those made by O'Neal in his earlier federal case. In particular, paragraphs 3-13 and 15-16 of the Petition are identical to paragraphs 7-17 and 19-20 of the previous Amended Complaint. *(See* State Ct. Pet. at ¶¶ 3-13,

4

15-16; O'Neal Am. Compl. ¶¶ 7-17, 19-20).  Paragraph 14 of the Petition alleges a wrongful discharge that involves the same incident as the one involved in Paragraph 18 of the previous Amended Complaint.  (*See* State Ct. Pet. ¶ 14; O'Neal Am. Compl. ¶ 18).  Paragraph 17 of the Petition is nearly identical to paragraph 21 of the previous Amended Complaint, except that the Petition alleges that O'Neal received "numerous unwarranted disciplinary warning letters from September 2004 to January 2005."  (*See* State Ct. Pet. ¶ 17; O'Neal Am. Compl. ¶ 21).  Paragraphs 18 and 19 of the Petition allege facts that were not alleged in the previous Complaint or Amended Complaint, including wrongful termination on January 10, 2005.  In addition, the initial Complaint in the previous federal case included specific allegations of incidents of racial discrimination, all in 2003.  (*See generally* O'Neal Compl.).  The new case does not directly address those incidents.  (*See generally* State Ct. Pet.).

In sum, the Petition includes at least two new allegations – wrongful termination and unwarranted disciplinary letters – each of which took place after the filing of the previous Amended Complaint.  The Petition also re-alleges without date some continuous or repeated events that could have taken place before or after the filing of the previous Amended Complaint.  The remainder of the factual allegations contained in the Petition

are identical or substantially similar to those contained in the previous Amended Complaint.

On February 21, 2006, Roadway removed the case to the United States District Court for the Eastern District of Louisiana based on 28 U.S.C. § 1332 diversity jurisdiction. On March 22, 2006, Roadway moved for partial judgment on the pleadings, asserting that O'Neal's claims are barred by *res judicata* to the extent that he raised or could have raised them in the previous case. Roadway argues that O'Neal's state law claims are likewise barred by *res judicata* to the extent that he raised or could have raised them in the previous case. On May 25, 2006, the case was transferred to this Court, with the motion for partial judgment on the pleadings still pending. The Court has received no response to the motion from O'Neal.

At issue are (1) whether and to what extent the District Court may, at its discretion, admit or exclude matters outside the pleadings in its consideration of a motion for judgment on the pleadings and (2) whether it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief under the governing substantive law.

**II. Discussion**

    **A. Rule 12(c) Standard**

Federal Rule of Civil Procedure 12(c) provides that a party

may move for Judgment on the Pleadings after the pleadings are closed.[1] If, however, that motion presents matters outside the pleadings, a court may refuse to accept these matters or may treat the motion as a motion for Summary Judgment. *Id.; see also* Fed. R. Civ. P. 56. Roadway has attached the final judgment and the dispositive order from the previous case, *O'Neal v. Roadway Express*, No. 04-1256 (E.D. La. filed May 3, 2004), to its answer, and asks the Court to consider them, and the rest of the record in that case, in deciding its Rule 12(c) motion.

Discretion to admit or exclude matters outside the pleadings rests with the district court. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (suggesting that, even when a Rule 12(c) motion has not become a Rule 56 motion, a district court *may* choose to consider some matters outside of the pleading). The Fifth Circuit has held that a trial court hearing a Rule 12(c) motion may still consider matters not strictly contained within the pleadings, but attached to the pleadings, because "[those] documents thereby [become] part of [the] pleadings." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).

---

[1] Under Federal Rule of Civil Procedure 7(a), the pleadings in this cases were closed upon the filing of the defendant's answer. *See* 5C Wright & Miller, *Federal Practice & Procedure*, § 1367 at 213 (2004).

Moreover, this is true even if the documents were not attached to any of the pleadings, provided that the pleadings refer to and rely on them.  *See Great Plains Trust Co.*, 313 F.3d at 313.

The Fifth Circuit has also held that a court may render judgment on the pleadings "by looking to the substance of the pleadings *and any judicially noticed facts*."  *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., et al.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Wright & Miller, *Federal Practice & Procedure*, § 1367 at 509-10 (1990)) (emphasis added).  The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  This includes taking notice of court records and documents "to establish the fact of such litigation and related filings."  *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830-31 (5th Cir. 1998) (citations omitted); *see also* 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 201-12[3] (1997).  The Court may thus take judicial notice of the record in the previous case.

Here, Roadway's pleadings purport to incorporate by physical attachment and by reference the entire record of the previous federal case.  The court will consider both those documents physically attached to the pleadings and will take judicial

notice of the record in the earlier case.  This includes the Magistrate Judge's order dismissing O'Neal's federal claims with prejudice, and the judgment dismissing O'Neal's federal claims with prejudice and his state claims without prejudice.

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert*, 914 F.2d at 76.  "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain."  *Voest-Alpine Trading USA Corp.*, 142 F.3d at 891 (citation omitted).  The court should view well-pleaded facts in the light most favorable to the non-movant.  *Great Plains Trust Co.*, 313 F.3d at 312-13.

**B.  Claim Preclusion**

In the Fifth Circuit, *res judicata*, or claim preclusion, "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication."  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The party seeking preclusion must meet four elements: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction

must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." *Id.* at 313 (citation omitted). It is clear that the parties to the two suits in question are identical, and it is clear that a court of competent jurisdiction rendered the earlier judgment. The Court must therefore determine whether the last two requirements for *res judicata* are satisfied: (1) that there was a final judgment on the merits, and (2) that the two cases were the same cause of action.

In the Fifth Circuit, the test to determine whether the two suits involve the same cause of action asks "whether the two actions are based on the same 'nucleus of operative facts.'" *Davis*, 383 F.3d at 313. (citations omitted). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citations omitted).

It is clear from the pleadings and the record of the previous case that the claims asserted arise out of the same nucleus of operative facts. Plaintiff makes many of the same allegations against the same defendant in the same time period.

10

As to the allegations in the second case for which no date is specified, they are of the same nature and are part of the same course of conduct as the other allegations. The Court therefore finds that any incidences of alleged race discrimination arising out of plaintiff's employment with Roadway either were raised or could have been raised in the previous suit, except for those that took place after the June 9, 2004 filing of the Amended Complaint. *See Davis*, 383 F.3d at 313-15 (holding that *res judicata* barred discrimination claims in second suit based on conduct that occurred before the first suit was filed and that was part of the same course of conduct).

The last question is whether the previous judgment was final and on the merits. The Magistrate's judgment clearly disposed of the federal claims that predated the previous complaint. The judgment dismisses the federal claims "with prejudice." Such a dismissal acts as a final adjudication on the merits. *See* Fed. R. Civ. P. 41(b). O'Neal either brought or could have brought in the previous action some of the federal claims he now asserts. Those claims are barred by claim preclusion. In particular, this means that all federal claims based on events that took place before June 9, 2004 are precluded. Importantly, this does not include the allegations of unwarranted disciplinary actions and wrongful termination in paragraphs 17 and 19 of the Petition, as

these alleged events took place in late 2004 and in 2005.

It is not clear from the pleadings that the previous judgment was final and on the merits as to the state claims asserted by O'Neal. In fact, the judgment orders dismissal of state claims "without prejudice." By definition, such a dismissal does not act as a final judgment on the merits, since the court specifically declares the right of the plaintiff to bring another action. Roadway argues that claim preclusion should apply to the state claims because they arise out of the same nucleus of operative facts as the federal claims that the Magistrate Judge adjudicated. Although a final judgment as to the federal claims is sufficient to bar state law claims arising out of the same nucleus of operative facts, claim preclusion doctrine recognizes an exception when the first court specifies that its dismissal as to some of the claims is without prejudice. *See Vines v. Univ. of LA at Monroe*, 398 F.3d 700, 712 (5th Cir. 2005); *see also* Restatement (Second) of Judgments § 26(1)(b) (1982). When the Court thus expressly reserves the right to bring future claims, preclusion does not apply to those claims even if they arise out of the same nucleus of operative facts as the earlier claims that reached the merits. *Vines*, 398 F.3d at 712. Consequently, since the Magistrate Judge dismissed O'Neal's state claims without prejudice, O'Neal is free to bring them

again irrespective of whether they arise out of the same nucleus of operative facts as the claims asserted in the first case.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the defendant's motion is GRANTED as to any federal claims that plaintiff asserts based on events that took place before June 9, 2004; the defendant's motion is DENIED as to any federal claims the plaintiff asserts based on events that took place after June 9, 2004; and the defendant's motion is DENIED as to any state claims that plaintiff asserts.

New Orleans, Louisiana, this __17th__ day of July, 2006.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE